## No. 15,511.

### MARTIN v. THE PEOPLE.
(154 P. [2d] 1006)

Decided December 18, 1944.

Mr. Karl E. Swanburg, for plaintiff in error.

Mr. Gail L. Ireland, Attorney General, Mr. H. Lawrence Hinkley, Deputy, Mr. James S. Henderson, Assistant, for the people.

*En Banc.*

Mr. Justice Burke delivered the opinion of the court.

Plaintiff in error, hereinafter referred to as Martin, was convicted in justice court of impersonating an officer. He appealed to the county court with the same result and the same sentence. To review that judgment he prosecutes this writ. The four assignments amount only to two: 1. Martin's motion to dismiss and his motion for a directed verdict were erroneously overruled; 2. the judgment is not supported by the evidence.

1. The charge was that defendant, without authority, did * * * "exercise, and attempt to exercise, the authority of a sheriff, deputy sheriff, constable, marshal, policeman, or other peace officer, * * * did fail * * * refuse, and neglect, to comply with the lawful order of a police officer * * * did * * * disturb the peace and quiet of the neighborhood of Harts Corner, * * * by loud unusual noise, tumultuous and offensive carriage, threatening, traducing, challenging to fight, quarreling and fighting."

The applicable statute reads: "Any person or persons who shall in this state, without due authority, exercise or attempt to exercise the authority of a sheriff, deputy sheriff, constable, marshal, policeman or other peace officer or other law enforcement officer of any kind of the state, county or any town *or city who shall claim,*

pretend or hold himself out to be such officer shall be deemed guilty of a misdemeanor and, on conviction thereof, shall be liable at the discretion of the court, to imprisonment not to exceed one year, or to a fine not to exceed five hundred dollars or both." '35 C.S.A., c. 116, §3 (S.L. '29, p. 306, c. 83, §1). The title of the foregoing recites that it is "An Act Prohibiting the Impersonation of Law Enforcement and Peace Officers and to Repeal Section 3" of the Act of 1891, which is identical with the foregoing except for the following language: "exercise or attempt to exercise the functions of, *or hold himself or themselves out to any one as* a deputy sheriff," etc. S.L. '91, p. 21, §3.

Martin moved orally to dismiss the complaint "on the ground that it alleged no offense known to the laws of the State of Colorado." At the close of the people's evidence Martin "moved the court to find the defendant not guilty on the People's evidence." This motion was likewise oral. The cause was tried November 22, 1943. On February 14, 1944, the deputy district attorney, and counsel for defendant signed an agreed statement as to the evidence and facts transpiring on the trial, which the county judge certifies "contains all of the evidence introduced or offered on the trial," etc. From this we obtain our only information of the facts so stipulated.

1. In support of each of his motions counsel for Martin contends that under the general rule of construction a change in language imports a change in meaning; that the offense of impersonating an officer is presently composed of two elements, i. e., pretense and act, both of which must be charged and proved, and since here there is only accusation and evidence of the former the motions should have been sustained and the judgment must be reversed. We are unable to agree with him as to the law and we think he misconstrues the evidence.

It is perfectly apparent that no reasonable meaning can be read into the words "county or any town or city who shall claim" etc., as they appear in the statute,

without interpolating either "and" or "or" following the word "city." Otherwise it is the city, not the person which makes the claim. Since in some cases the injury arising from the usurpation at which the statute is aimed may be inflicted by the pretense of official character, in others by acting in official capacity, and in others only by a union of the two, we cannot think the Legislature intended to hold the offender guiltless unless he both pretended and acted. But since the former statute put the charge in the disjunctive, it is contended that the omission of the word "or" in the latter act forces a conjunctive construction. But the rule invoked is derived neither from the Medes nor the Persians. It is an ordinary rule of construction to be invoked only in the search for intent. It is frequently, as here, overridden by the more compelling rule that absurdities will not be presumed. Hence when Martin was charged either with acting or pretending, he was sufficiently charged and when so found was legally convicted.

█ 2. Since it is Martin's contention that he is charged only with acting, whereas the state's evidence is that his misconduct was limited to pretending, let us see what he stipulates occurred. The witnesses were not in entire accord, but, taking that testimony which the court evidently believed, and was justified in believing, this is the story:

Martin, in company with relatives and others, a party of eight in all, celebrating some sort of "reunion," visited various taverns where liquor was served and about 11:00 p. m. wound up at "Harts Corner," a place of refreshment and amusement in Jefferson county. They came in "noisy and loud." A deputy sheriff, then present, tried to "calm these people down." He finally appealed to Martin who asserted that he was a deputy sheriff in that county and volunteered to "hold them in line." The turbulence continued till the manager of the place finally demanded Martin's credentials. The demand was refused and the party was ordered out. Mar-

**54**

tin repeated his declaration of authority and gave that as his justification for refusing "to leave the place until it closes." Later he seems to have had a change of heart (apparently due to the fact that the deputy had phoned the sheriff's office for "the wagon") and the party departed. They had been there almost two hours. Martin was no officer of any kind. It thus appears that Martin not only held himself out as a peace officer, repeatedly so declaring, but he acted the part. He assumed to take charge of a party of revelers and be responsible for their conduct. Relying upon his alleged official status he refused to leave the place and remained under that cloak until it was apparently about to be stripped from him.

The judgment is affirmed.